UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEWANA SULLIVAN

    Petitioner,

v.

ANTHONY STEWARD,

    Respondent.
_____/

Case No. 17-cv-11207

UNITED STATES DISTRICT COURT
JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS
CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND
(3) DENYING PERMISSION TO FILE APPEAL IN FORMA PAUPERIS**

## I. INTRODUCTION

This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner Tewana Sullivan was convicted after she pled guilty but mentally ill in the Wayne Circuit Court to second-degree murder. Dkt. No. 8-9, pg. 8 (Pg. ID 232). Under the terms of the plea agreement, the court sentenced Petitioner to 23 to 50 years in prison. *Id.* The petition raises a single claim: the trial court erred in failing to allow Petitioner to withdraw her guilty plea prior to sentencing where she did not understand the sentencing consequences of her plea. Dkt. No. 1, pg. 2 (Pg. ID 2). The Court finds that Petitioner's claim is without merit. Therefore, the Court will

1

deny her petition. The Court will also deny Petitioner a certificate of appealability and deny her leave to appeal in forma pauperis.

## II. BACKGROUND

Petitioner was charged with first-degree murder after she killed 66-year-old Cheryl Livy by hitting her in the head numerous times with a crock pot. Dkt. 8-9 pg. 10 (Pg. ID 234).

On May 28, 2015, Petitioner pled guilty but mentally ill to the lesser charge of second-degree murder, with a sentence agreement of 23 to 50 years in prison. *Id.* at 7–8 (Pg. ID 231–32).

At the plea hearing the prosecutor stated the terms of the agreement, including the sentence Petitioner would receive. *Id.* at 3 (Pg. ID 227). Defense counsel indicated that he agreed with the statement, and he indicated: "I believe it's the understanding of my client's offer, since I did present that to her not only this morning, but I've been talking with her personally at the jail on several occasions since the offer was made." *Id.* at 4 (Pg. ID 228). Petitioner indicated her desire to enter into the plea agreement. *See id.*

The trial court indicated that it had read the Forensic Center report on Petitioner's competency and criminal responsibility, stating:

> Ms. Sullivan was given an opportunity for what is called an
> independent psychological evaluation or psychiatric evaluation. Both

2

> examiners, both the People's examiner and the defense examiner found that Ms. Sullivan could not be found not guilty by reason of insanity. That is to say that she did not meet the statutory threshold for legal insanity. However, the defense examiner found based on his review of medical records and history that Ms. Sullivan had a number of psychiatric issues problems or diagnoses over a period of time. Some of which may have been related to neurological incidents, and that she is mentally ill. And I, I find, that's Dr. Miller, by a preponderance of the evidence Dr. Miller's findings to have been persuasive on the issue of mental illness.
>
> Okay. And, and I should also mention that, that by all accounts Ms. Sullivan is competent. Competent to stand trial and competent to plea.

*Id.* at 5,7 (Pg. ID 229, 231).

The Court then reiterated the terms of the plea agreement:

> And that by accepting this offer that you plead guilty but mentally ill to murder in the second degree, you are agreeing to the sentence agreement of 23 year to 50 years with the Michigan Department of Corrections. Your commitment will stipulate that you are to receive all requisite psychiatric or other mental health care during your term of incarceration. But it is a guilty plea and results in a murder in the second degree conviction which is a life offense. You understand that?

*Id.* at 8 (Pg. ID 232).

Petitioner indicated her understanding. *See id.* The court asked Petitioner whether anyone had promised her anything other than what was placed on the record, or whether she was threatened to obtain her plea, and she answered, "No, sir." *Id.* at 9 (Pg. ID 233).

The court then advised Petitioner of all the trial rights she would be waiving by entering her plea, and Petitioner indicated that she understood and wished to enter the plea. *Id.* at 8–11 (Pg. ID 232–35). The court accepted the plea. *Id.* at 11 (Pg. ID 235).

At the sentencing hearing Petitioner indicated that she wished to withdraw her guilty plea:

> I took this plea thinking that I was gonna be going to a place where I could get help. I didn't think I was gonna be going to jail. Thought I was gonna go somewhere where I would get help, and I found out today that I'm not.
>
> There's no woman in my family who made it past, past 70s. So I'm gonna die in jail.
>
> And as far as I'm concerned, I have changed my mind with that. Um, I rather go to trial on this and let the people, you know, choose my ending for me.

Dkt. No. 8-10, pg. 8–9 (Pg. ID 247–48).

The trial court rejected the claim that Petitioner did not know she would be going to prison:

> Well, it's a little late for that now. You did plead. And, and at the time you gave your plea a couple of weeks ago all of the consequences were laid out. You were fully advised what was going to happen and you agreed to the plea. And you acknowledged what rights you were giving up when you rendered the plea.

*Id.* at 9 (Pg. ID 248).

The Court proceeded to sentence Petitioner under the terms of the plea agreement. *Id.*

Following her conviction and sentence, Petitioner requested and was appointed appellate counsel. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> The circuit court abused its discretion when it denied Ms. Sullivan's pre-sentence motion for plea withdrawal where Ms. Sullivan asserted she had misunderstood the sentence agreement and where the court did not require the prosecutor to establish that substantial prejudice would result from plea withdrawal. Her plea was not knowing, voluntary and intelligent. This court should remand for plea withdrawal or, at least, remand to require the prosecutor to establish that substantial prejudice would result from plea withdrawal.

Dkt. No. 1, pg. 14 (Pg. ID 14).

The Michigan Court of Appeals denied the application for leave to appeal "for lack of merit in the grounds presented." *People v. Sullivan*, No. 332388 (Mich. Ct. App. May 19, 2016); Dkt. No. 8-12, pg. 33 (Pg. ID 329). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim. The Michigan Supreme Court denied the application because it was not persuaded that the question presented should be reviewed by the Court. *People v. Sullivan*, 887 N.W.2d 423, 423 (Mich. 2016) (Table).

## III. STANDARD OF REVIEW

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication "was contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law. 28 U.S.C. § 2254(d)(1).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the

state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 102–03.

## IV. ANALYSIS

Petitioner asserts that the trial court erred in failing to allow her to withdraw her guilty plea prior to sentencing where she did not understand the sentencing consequences of her plea. Specifically, Petitioner claims that she thought by pleading guilty but mentally ill she would not be serving her sentence in prison, but instead that she would receive treatment for her mental illness at a psychiatric facility. Respondent claims that the state courts reasonably rejected the claim on the merits.

The Antiterrorism and Effective Death Penalty Act (AEDPA) deferential standard of review applies to this claim because the Michigan Court of Appeals rejected Petitioner's application for leave to appeal "for lack of merit in the grounds

presented." *People v. Sullivan*, No. 332388 (Mich. Ct. App. May 19, 2016); Dkt. No. 8-12, pg. 33 (Pg. ID 329). This decision amounted to a decision on the merits. *See Werth v. Bell*, 692 F.3d 486, 492–94 (6th Cir. 2012).

First, with respect to Petitioner's claim that the trial court abused its discretion under Michigan Court Rule 6.310(B) by failing to allow Petitioner to withdraw her plea absent the prosecution indicating substantial prejudice, the claim is not cognizable. A habeas court may not grant habeas relief on the basis of state law governing the taking or withdrawal of guilty pleas. *See Riggins v. McMackin*, 935 F.2d 790, 794–95 (6th Cir. 1991). Moreover, a state defendant has no constitutionally guaranteed right to withdraw an otherwise valid guilty plea. *See Carwile v. Smith*, 874 F.2d 382, 385 (6th Cir. 1989).

The only constitutional challenge that a habeas court may entertain with regard to a guilty plea is that the plea was not entered in a knowing and voluntary fashion under the standards set forth in *Brady v. United States*, 397 U.S. 742 (1970), and *Boykin v. Alabama*, 395 U.S. 238 (1969). For a guilty plea to be voluntary, the defendant must be

> fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, [and not] induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature

>improper as having no proper relationship to the prosecutor's business (e.g. bribes).

*Brady*, 397 U.S. at 755 (1970) (internal quotations and citation omitted) (emphasis added). The voluntariness of a guilty plea is determined in light of all relevant circumstances surrounding the plea. *Id.* at 749. A plea-proceeding transcript which suggests that a guilty plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *See Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty plea was voluntary and intelligent, a presumption of correctness attaches to the state-court findings of fact and to the judgment itself. *Id.* at 326.

Here, the record taken at the plea hearing reasonably supports the Michigan Court of Appeals' determination that Petitioner's claim lacks merit. The trial court placed the terms of the plea agreement on the record, stating in clear terms that Petitioner was agreeing to a sentence of 23 to 50 years with the Michigan Department of Corrections. Petitioner's counsel indicated that he had discussed the plea agreement with Petitioner on several occasions, and she does not claim that he told her that she would serve her sentence at a psychiatric facility.

If Petitioner believed that by pleading guilty but mentally ill her sentence would be served in a psychiatric facility, she was given an opportunity to indicate so

when the trial court inquired whether any additional representations where made to her other than what was placed on the record. She is bound by her statement denying that she had been promised anything other than what was placed on the record at the plea hearing. As aptly stated by the Sixth Circuit when faced with a challenge to a plea bargain based upon an alleged off-the-record terms of a plea agreement:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. U.S.*, 781 F.2d 85, 90 (6th Cir. 1986)).

Furthermore, for a plea to be valid under established Supreme Court law, a criminal defendant must only be advised of the "direct consequences" of a plea, *Brady*, 397 U.S. at 755. A criminal defendant need not be advised of the indirect or collateral consequences of a plea. *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994) (direct consequences of the plea include the maximum and minimum number of years that could be imposed). The Supreme Court has specifically held that a defendant need not be informed of parole eligibility in order for a plea to be voluntary, let alone other collateral matters such as eligibility for prison programs or placement in a specific type of facility. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Petitioner cites no clearly established Supreme Court requirement that for a guilty plea to be knowingly entered a defendant must be informed where the sentence will be served.

The Michigan Court of Appeals rejection of Petitioner's claim was not contrary to, or an unreasonable application of, clearly established Supreme Court law. Therefore, Petitioner has failed to demonstrate entitlement to habeas relief. The Court will deny the petition.

## V. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2254 Proceedings. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted). Here, jurists of reason

would not debate the Court's resolution of Sullivan's claim because it is devoid of merit. Therefore, the Court denies a certificate of appealability.

The Court will also deny Sullivan leave to appeal in forma pauperis, because the appeal would be frivolous. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## VI. CONCLUSION

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** That a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

**IT IS SO ORDERED.**

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICTJUDGE

Dated: November 7, 2017